IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN WHITNEY,

      Plaintiff,                      No. CIV S-10-2532 KJM EFB P

      vs.

R. MIRANDA, et al.,

                                ORDER AND
      Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On October 28, 2011, defendants Miranda, Nepomuceno, and Swingle filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Dckt. No. 27; *see* Fed. R. Civ. P. 56.

       On December 3, 2010, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure and informed plaintiff that failure to file an opposition to such a motion could be considered waiver of any such opposition. Dckt. No. 13; *see Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  Despite a 60-day extension of time to file a response, (Dckt. No. 31), plaintiff failed to file an opposition or statement of no opposition to the motion for summary judgment.  Accordingly, on February

1

28, 2012, the court reminded plaintiff of his obligation to file an opposition, granted him twenty-one days in which to file it and warned him that failure to comply would result in a recommendation of dismissal. Dckt. No. 33. In response, plaintiff requested counsel, and stated that without appointment of counsel he has "no choice but to withdraw [his case] with a heavy heart." Dckt. No. 34.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court finds there are no exceptional circumstances in this case.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for appointment of counsel, Docket No. 34, is denied.

Further, plaintiff has been warned that he must file a response to defendants' motion. Plaintiff has disobeyed this court's orders, failed to prosecute this action, and appears to be abandoning his case. The appropriate action is dismissal without prejudice. Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b); E.D. Cal. Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated:  April 4, 2012.

          EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE

3